NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

S.L., a minor by and through the Guardian
Ad Litem Kristine Llamas Leyva,
individually and as successor-in-interest to
Johnny Ray Llamas, deceased; V.L., by and
through the Guardian Ad Litem Amber
Snetsinger, individually and as successor-in-
interest to Johnny Ray Llamas, deceased;
CAROLYN CAMPBELL, Individually,

          Plaintiffs - Appellees,

  v.

COUNTY OF RIVERSIDE; SHAWN
HUBACHEK; JIMMIE MCGUIRE,

          Defendants - Appellants.

No. 25-4537

D.C. No.
5:24-cv-00249-CAS-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 21, 2026
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Defendant-Appellants County of Riverside, Shawn Hubachek, and Jimmie

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

McGuire appeal the district court's denial of their motion for summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine, *Mitchell v. Forsyth*, 472 U.S. 511, 528–30 (1985), and review the district court's denial of qualified immunity de novo, *Peck v. Montoya*, 51 F.4th 877, 884 (9th Cir. 2022). We reverse in part and remand.

1. Plaintiff-Appellees first argue that we lack jurisdiction over this appeal because Defendant-Appellants only challenge the district court's determinations of disputed facts. Plaintiff-Appellees are correct that "any decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). But "[w]e 'undoubtedly' have jurisdiction to consider the district court's denial of qualified immunity," and Defendant-Appellants' "defense-friendly presentation of the facts does not deprive us of jurisdiction." *Est. of Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 627 (9th Cir. 2022). Thus, we may exercise jurisdiction only "[t]o the extent the district court's order denies summary judgment on purely legal issues." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018).

2. Defendant-Appellants argue that the district court erred in denying them qualified immunity on Plaintiff-Appellees' Fourth Amendment claims. The doctrine of qualified immunity protects government officials from 42 U.S.C. § 1983 liability "unless (1) they violated a federal statutory or constitutional right, and (2) the

unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (simplified). We may address the prongs of qualified immunity in either order, and officers are entitled to qualified immunity if either prong is not satisfied. *See Pearson v. Callahan*, 555 U.S. 223, 241–43 (2009).

"To find that a right is clearly established, courts generally need to identify a case where an officer acting under similar circumstances . . . was held to have violated the Constitution." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (simplified). A right is only clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and "existing precedent . . . place[s] the constitutional question beyond debate." *Id.* (simplified). This "demanding" requirement "protects 'all but the plainly incompetent or those who knowingly violate the law[.]'" *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023) (quoting *Wesby*, 583 U.S. at 63).

We hold that the officers' conduct did not violate clearly established law. None of the cases cited by the district court establish the unlawfulness of the officers' conduct here. *See Est. of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1017–18 (9th Cir. 2017), *Est. of Aguirre*, 29 F.4th at 629, and *George*, 736 F.3d at 839. In *Estate of Lopez*, officers shot and killed an 13-year-old boy "while on routine patrol" and not in response to a crime or reports of erratic behavior, even though the officers

3                                                                 25-4537

knew there was a possibility that the child was carrying a toy gun, and the boy never raised the barrel of the toy gun "at any point to a position that posed any threat" to officers. 871 F.3d at 1004, 1010–11. In *Aguirre*, officers shot and killed a person who wielded a bat fifteen feet away without warning, all while the person made no efforts to evade arrest and had his back toward the officers. 29 F.4th at 626, 628. The record showed that the person was not threatening bystanders or advancing toward officers when he was killed. *Id.* at 628. And in *George*, officers shot an elderly man who relied on a walker, who was not actively resisting arrest or committing a crime, and who had his gun trained on the ground. 736 F.3d at 838–39.

Plaintiff-Appellees also contend that *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir. 1991) and *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997) create clearly established law. In *Curnow*, officers shot a suspect who did not initially reach for a nearby gun for merely holding an alleged domestic-violence victim on his lap. 952 F.2d at 323. Further, the suspect was shot in the back at first and only later grabbed an unloaded gun by its muzzle while attempting to escape. *Id.* And in *Harris*, in response to the Ruby Ridge assault, federal agents changed the rules of engagement to allow the shooting and killing of "*any* armed adult observed in the vicinity" of the cabin. 126 F.3d at 1202 (emphasis in original). A federal agent then shot a suspect who was running away and made "no threatening

movement of any kind." *Id.* at 1203.

None of those cases set clearly established law for the facts here, which involved an hours-long manhunt of a suspect who (1) was accused of dangerous crimes—armed robbery and molesting his niece, (2) was armed with his gun drawn much of the time, (3) was reasonably suspected to have shot and killed a police dog during the manhunt, and (4) faced repeated warnings to drop his weapon while running towards a home that officers reasonably believed to be occupied. Officers are thus entitled to qualified immunity on Plaintiff-Appellees' Fourth Amendment claims.

3. The district court did not consider whether Defendant-Appellants are entitled to qualified immunity on Plaintiff-Appellees' Fourteenth Amendment claims. Even if a Fourteenth Amendment violation occurred, "qualified immunity nevertheless applies unless the violation was clearly established." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019). And when "no analogous case existed at the time of the shooting," a district court errs in denying officers qualified immunity for the claim. *Id.* On remand, Plaintiff-Appellees must identify authority that rendered the contours of the substantive due process right at issue "sufficiently definite that any reasonable official in the defendant[s'] shoes would have understood [they were] violating it." *See id*. We remand the claims to determine whether qualified immunity applies.

5                                                                25-4537

4. We do not reach the parties' state-law claims and remand to the district court to determine its jurisdiction to review them after consideration of the Fourteenth Amendment claims.

**REVERSED IN PART AND REMANDED**.

25-4537